UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BOLES,

       Plaintiff,                              Case No. 11-10892

v.                                         SENIOR UNITED STATES DISTRICT JUDGE
                                                  ARTHUR J. TARNOW

M. SERENSEN,

                                                 MAGISTRATE JUDGE CHARLES E. BINDER

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [19], AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]

Before the Court is Defendant's Motion for Summary Judgment [12], filed on August 12, 2011. On November 18, 2011, Magistrate Judge Binder issued a Report and Recommendation ("R&R") [19] recommending that Defendant's motion be DENIED. Defendant filed an objection [20] on December 2, 2011. Plaintiff filed a response [21] on December 15, 2011.

**Factual Background**

This case concerns Plaintiff Robert Boles' allegation that the Defendant, M. Sorensen,[1] a librarian at the prison that Plaintiff is incarcerated at, retaliated against Boles by denying him access to the prison library. Plaintiff contends that this alleged retaliation took place because of his exercise of his First Amendment rights, namely, his November 5, 2009 filing of a grievance against Defendant because he felt that a work evaluation made by Defendant about Plaintiff's work as a law library clerk was not accurate. On November 23, 2009, the grievance was resolved in Plaintiff's favor. The poor evaluation was removed and Plaintiff was given a satisfactory performance evaluation.

---

[1] As the Magistrate Judge notes in his R&R, Defendant's name is misspelled in the case caption as "Serensen."

Plaintiff alleges that after the resolution of his grievance, Defendant, who had previously granted all of Plaintiff's requests for time beyond the standard six hours per week of law library time, began to deny Plaintiff's requests and demanded additional proof that Plaintiff required more time. Plaintiff had previously provided a February 4, 2009 case management order for the case Plaintiff was pursuing. Thus, on December 4, 2009, Defendant denied Plaintiff's request for additional library time.

Defendant Sorensen responded that additional proof was always required by prisoners, and that the reason she demanded additional proof from Plaintiff (beyond his February 4, 2009 case order) was because Plaintiff had told her in his request that he had received an additional amended case order. Defendant also suggests that Plaintiff's request to her for additional time, in which he stated that he had "received an amended case management order from the court in the above mentioned civil case and in the future [Plaintiff] probably will need more time at night . . ." was confusing to Defendant, who took Plaintiff's request as a warning that would ask for additional library time in the future. Defendant, in an affidavit, stated that she repeatedly asked Plaintiff for additional proof regarding an imminent legal deadline, and that Plaintiff responded by telling her "It's in there," which she claims to have interpreted as meaning in the amended case order (which Plaintiff claims to have shown to Defendant). Defendant contends that Plaintiff's answer was "non-responsive" as the case management order, while setting various motion cut-off dates and trial dates, did not contain "an order from the court indicating that the prisoner neede[ed] to respond to a motion for summary judgment or dismissal" or some other motion. Plaintiff filed a second grievance against Defendant on December 7, 2009.

On December 15, 2009, Defendant called the Resident Unit Manager of Plaintiff's unit, B. Pung. According to a memorandum written by Pung, Defendant called him "to see if I could have

2

someone shake down prisoner Boles [sic] property to see if they could find an amended case management order . . . to verify that it hadn't been altered . . . ." Resident Unit Officer Friesorger went to Plaintiff's cell. Plaintiff, who was in the cell, gave the amended case management order to Friesorger. Friesorger had apparently been told to remove the case management order as "contraband" but said in a memorandum he did not feel comfortable doing so, as it was not contraband. Instead, Friesorger showed the order to Defendant, who said the order was "OK."

On December 18, 2009, Plaintiff filed a third grievance, contending that Defendant had harassed plaintiff and violated the prison's grievance policy by interfering, through her request to RUM Pung, with the grievance investigation.

On January 4, 2010 a response to Plaintiff's second grievance indicated that Plaintiff would be allowed three additional hours a week of law library time in preparation for a settlement conference and pretrial conference through February 22, 2010, but after said date, Plaintiff would be required to provide the Defendant with a new specific deadline to obtain more time.

On February 11, 2010, Plaintiff sent a kite to Defendant requesting additional time based on an order he had received in the case. On February 13, 2010, Defendant removed Plaintiff from all his library call-out privileges. Plaintiff contends that this final removal violated the First and Fourteenth Amendment, as well as the grievance response which had stated that Plaintiff would be given 9 hours a week of library time until February 22, 2010. Plaintiff filed a fourth grievance. The grievance response, on February 24, 2010, indicated that Plaintiff had been taken off the law library call-out because Plaintiff had failed to properly sign in to the law library on November 8, 2009, and February 6, 2009, as required by library policy. Said policy states that a "prisoner who does not sign in twice during a three (3) consecutive month time period will be removed from all Law Library call-outs. He must kite the library to be placed back on the call-out."
3

On February 27, 2010, Plaintiff requested to be placed back on call-out for law library time.

The Magistrate Judge, in the R&R, concluded that there were sufficient facts in dispute to justify denying Defendant summary judgment. Specifically, the Magistrate Judge found three pieces of evidence would allow a jury to find that Plaintiff's filing of a grievance was a motivating factor and caused Defendant to retaliate against Plaintiff. First, the Magistrate Judge found that Defendant's initial denial of additional library time to Plaintiff on December 4, 2009, occurring in fairly close proximity to Plaintiff's November 23, 2009 successful first grievance resolution, could support an inference of retaliatory motivation. Second, the Magistrate Judge found that Defendant's February 13, 2010 decision to remove Plaintiff from library call-outs occurred the same day as Plaintiff's successful second grievance resolution; the Magistrate Judge found the Defendant's stated reason that Plaintiff had failed to sign in on February 6 was pretextual, given that said failure had occurred a week previous to Defendant's removal of Plaintiff's library call-outs, and two days after Plaintiff requested additional library time. Third, the Magistrate Judge found that the Defendant's request that Plaintiff's cell be "shaken down" and that Plaintiff's case management order be confiscated as contraband was unfounded and could support an inference of retaliatory motivation.

**Standard of Review**

This Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)©. Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. V. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

A motion for summary judgment is granted under Fed. R. Civ. P. 56© when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favourable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**Analysis**

Defendant provides two specific objections to the Magistrate Judge's Report and Recommendation. However, before addressing Defendant's objections, the Court notes that Defendant does not object to the Magistrate Judge's finding that the December 4, 2009 decision by Defendant to deny Plaintiff's request for additional library time could support a finding of retaliatory motivation by a jury. This finding alone is a sufficient basis on which to preclude Defendant's motion for summary judgment, and the Magistrate Judge's finding is supported by the record. The Defendant, in her motion, provides varying and conflicting explanations for her December 4, 2009 denial of Plaintiff's request for additional library time. Defendant argues that (1) Plaintiff's request would not have automatically been approved and Plaintiff did not respond to her requests for "additional proof" of Plaintiff's need for library time, and (2) Defendant did not think that Plaintiff's request was actually a request for more library time, but rather an indication that, at some point in

the future, Plaintiff might want more library time.  Defendant does not explain why, if she did not interpret Plaintiff's letter about library time as a request, she asked for "additional proof" regarding the request, nor does she indicate why the Defendant would inform her that he might potentially ask for more time in the future.

Defendant's first objection is that Plaintiff was properly removed from the call-out system because of his failure to sign in on November 8, 2009 and February 6, 2010.  Defendant's library policy states that a "prisoner who does not sign in twice during a three (3) consecutive month time period will be removed from all Law Library call-outs."  The Magistrate Judge found that "a three (3) consecutive month time period" to mean a three-month period, in this case November (when the first violation occurred)-December-January.  Thus, the Magistrate found that Plaintiff's second violation, on February 6, was outside of the 3-month period.

Defendant objects that the policy "specifically states a three consecutive month period.  In this case, the three consecutive month period ended on February 7, 2009 (i.e., November 8-December 7; December 8-January 7; and January 8-February 7).  The Court discounts this theory, as Defendant's argument seems to assign an arbitrary number of days to a "month."  However, Plaintiff, in his response to the objections, draws the Court's attention to a Notice, dated January 27, 2010, which purportedly was posted in the law library by Defendant.  Said notice states that "IF you have a weekly call-out and DO NOT SIGN IN on TWO separate days during any 90 days in a row you WILL BE REMOVED until you rekite."  Plaintiff notes that the period between November 8, 2009, and February 6, 2010 is 91 days.  Thus, Plaintiff contends that he fell outside the policy.  The Court agrees that a reasonable jury could conclude that Plaintiff fell outside the policy and should not have been removed from call-out, absent a retaliatory motivation.  Thus, Defendant's first objection is **DENIED.**

Defendant's second objection is that she had no authority "over the grievance investigation or what course of action the investigation undertook." She contends that it was ADW Pung, her "Immediate Supervisor," who ordered the "shakedown" of Plaintiff's cell. Defendant cites *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999) for the holding that a Defendant who does not have authority to bring about an adverse action cannot be held responsible for retaliation in a First Amendment context. However, *Shehee* concerned a case where a Plaintiff claimed he had been terminated from a prison job but brought suit against two other prison employees, who clearly lacked the authority to terminate his employment. In *Siggers-El v. Barlow*, 412 F.3d 693 (6th Cir. 2005) the Sixth Circuit considered a case where a Defendant did not have the authority to transfer a prisoner but nevertheless was found to have retaliated against said prisoner when the Defendant completed a security screen that "set in motion" the transfer.

In a statement dated January 4, 2010, Resident Unit Manager Pung stated that "[Defendant] did call me to see if I could have someone shake down prisoner Boles property . . ." because "she needed to see all of it to verify the deadline and to verify that it hadn't been altered." Pung called Resident Unit Officer Friesorger to shake down Plaintiff's cell. Once Friesorger told Pung that he had the case management order, Pung called Sorensen and told her she could look at the order in Friesorger's office. According to Pung "that was the end of my involvement." Pung's statement directly contradicts that of Defendant. The shakedown of Plaintiff's cell was not part of a "grievance investigation." Rather, it was instigated solely at the request of Defendant because she wanted to look at the amended case management order to ensure that "it had not been altered." Plaintiff alleges he had already shown the amended case management order to Defendant; it is also unclear why Defendant thought the order might have been altered. It is similarly unclear why the Defendant did not simply ask Plaintiff to show her the amended case order a second time. The Court finds that a

7

jury could reasonably infer that Defendant's request to Resident Unit Manager Pung that Pung shake down Plaintiff's cell was in retaliation for Plaintiff's previous grievances. Defendant's objection is thus **DENIED**.

## Conclusion

The Court having reviewed the record in this case, the Opinion and Order of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's objections are **DENIED.** Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [12] is **DENIED**.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 23, 2012

___

### CERTIFICATE OF SERVICE

I hereby certify on February 23, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 23, 2012: **Robert Boles.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182